Bosworth, Ch. J.
—By section 179, subd. 1, of the Code, a defendant cannot be held to bail in such a case, unless it be shown by affidavit; that he is a non-resident of the state, or is about to remove therefrom. Keither of these facts is alleged or pretended. Such an action is not assignable, for the reason that it is a mere personal tort, which a suit for the conversion of personal property is not. (Zabriskie v. Smith, 3 Kern., 322.)
The order cannot be sustained under subd. 4 of section 179 of the Code, which authorizes an arrest when the defendant has been guilty of a fraud in contracting the debt or incurring the obligation for which the action is brought. That phrase is, in substance, the same as subd. 4 of section 4, of the act to abolish imprisonment for debt, passed April 26, 1831. The obligation thus spoken of is one arising ex contractu, on which an action will lie, whether contracted with or without fraud; and the defendant cannot be held to bail unless he was guilty of a fraud by *635 reason of Ms conduct in incurring it. It has no relation to a cause of action which arises wholly and exclusively out of the fraud of the party, and which must fail if the fraud be not proved. The order must be vacated with $7 costs of tMs motion, on defendant’s stipulating not to bring a suit for trespass or false imprisonment, by reason of his arrest under said order.